UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sensa Verogna

    v.                                                      Civil No. 21-cv-1047-LM
                                                         Opinion No. 2022 DNH 009 P

Andrea Johnstone, et al.

O R D E R

        Pro se plaintiff "Sensa Verogna"[1] brings this lawsuit against District Court Judge Steven McAuliffe, Magistrate Judge Andrea Johnstone, Attorney Jonathan Eck, and Attorney Julie Schwartz. Verogna alleges that the defendants violated his constitutional rights. The matter is before the court on preliminary review under Local Rule 4.3(d)(3). Additionally before the court are Verogna's motion to file an oversized memorandum (doc. no. 8), his motion to recuse (doc. no. 9), and his motion to allow alternative service (doc. no. 11).

        The court grants Verogna's motion for leave to file an oversized memorandum but denies his motion to recuse. The court dismisses Verogna's complaint for lack of jurisdiction and, alternatively, because it is frivolous. The motion to allow alternative service is denied as moot.

---

[1] Verogna wishes to proceed anonymously under the "Sensa Verogna" pseudonym, though he did not file a motion requesting permission to do so. Because Verogna's suit is frivolous in any event, the court does not reach the issue of whether Verogna should be allowed to proceed anonymously.

## STANDARD OF REVIEW

The court construes pleadings by pro se litigants liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Because the plaintiff is pro se and has paid the filing fee, the court undertakes a preliminary review to determine whether it has subject-matter jurisdiction, and, in any event, the court must raise questions about its jurisdiction on its own motion.  See LR 4.3(d)(3) (initial filings by nonincarcerated pro se parties shall be forwarded for preliminary review to determine whether the court has jurisdiction); Fort Bend Cnty., Tx. v. Davis, 139 S. Ct. 1843, 1848-49 (2019) (observing that courts must consider issues of subject-matter jurisdiction sua sponte).[2]

"Courts must move cautiously when dismissing a complaint sua sponte."  See Clorox Co. P.R. v. Proctor & Gamble Com. Co., 228 F.3d 24, 30 (1st Cir. 2000). Generally, the court must give the plaintiff notice and an opportunity to address the issue with the complaint by amending it.  See id.  There are, however, "limited exceptions to the general rule barring dismissal without notice," namely, where the claims are "frivolous" or contain defects that cannot be cured by amendment.  Id. Frivolity can be generally described as lacking an arguable basis in either law or fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining meaning of "frivolous" under 28 U.S.C. § 1915); Anders v. California, 386 U.S. 738, 744 (1967)

---

[2] Local Rule 4.3(d)(3) directs the filing to be forwarded to the magistrate judge for preliminary review, but because the complaint names this court's only magistrate judge as a defendant, preliminary review falls to me.

## STANDARD OF REVIEW

The court construes pleadings by pro se litigants liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Because the plaintiff is pro se and has paid the filing fee, the court undertakes a preliminary review to determine whether it has subject-matter jurisdiction, and, in any event, the court must raise questions about its jurisdiction on its own motion.  See LR 4.3(d)(3) (initial filings by nonincarcerated pro se parties shall be forwarded for preliminary review to determine whether the court has jurisdiction); Fort Bend Cnty., Tx. v. Davis, 139 S. Ct. 1843, 1848-49 (2019) (observing that courts must consider issues of subject-matter jurisdiction sua sponte).[2]

"Courts must move cautiously when dismissing a complaint sua sponte."  See Clorox Co. P.R. v. Proctor & Gamble Com. Co., 228 F.3d 24, 30 (1st Cir. 2000). Generally, the court must give the plaintiff notice and an opportunity to address the issue with the complaint by amending it.  See id.  There are, however, "limited exceptions to the general rule barring dismissal without notice," namely, where the claims are "frivolous" or contain defects that cannot be cured by amendment.  Id. Frivolity can be generally described as lacking an arguable basis in either law or fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining meaning of "frivolous" under 28 U.S.C. § 1915); Anders v. California, 386 U.S. 738, 744 (1967)

---

[2] Local Rule 4.3(d)(3) directs the filing to be forwarded to the magistrate judge for preliminary review, but because the complaint names this court's only magistrate judge as a defendant, preliminary review falls to me.

(defining, in similar terms, frivolousness for purpose of appeals of criminal convictions); see also Martinez v. United States, 838 Fed. Appx. 662, 664 (3d Cir. 2020) (district court can dismiss suit without granting leave to amend where defendants are immune from suit). A claim lacks an arguable basis in law if it is based on an "indisputably meritless legal theory," Neitzke, 490 U.S. at 325, and it lacks an arguable basis in fact if it describes "fantastic or delusional scenarios." Id. at 327-28.

Although the threshold is more demanding for finding frivolity as opposed to finding that a complaint merely fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court nonetheless examines the complaint through the same lens. In other words, the court accepts all well-pleaded facts as true and draws all reasonable inferences in the complainant's favor. Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019). But the court disregards conclusory allegations that simply parrot the applicable legal standard. Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013).

## BACKGROUND

Verogna's claims stem from a separate case, Verogna v. Twitter, 20-536-SM, which was assigned to Judge McAuliffe and referred in parts to Judge Johnstone. In that case, Verogna, who sought to proceed anonymously as he does here, alleged that the defendant Twitter, Inc., suspended and then banned Verogna's account after Verogna said (1) that, if he had "special powers," he would "[b]itch slap that

3

commie Bitch who is yelling like a 3-year old!!!" and (2) "Ya, let's all get cutesy with a fckn #Traitor who should be hung if found guilty!!" 20-536-SM, ECF doc. no. 1 ¶ 18. Verogna alleged that Twitter stopped letting him use its service because he is white or portrayed himself to be a white person. In terms of legal claims, Verogna alleged that Twitter breached its terms of service contract and violated his First Amendment rights to speech and assembly. Twitter was represented by Attorney Eck, and, on August 19, 2020, Judge Johnstone granted a motion to allow Attorney Schwartz to appear for Twitter pro hac vice. Ultimately, Judge McAuliffe dismissed the case after Verogna failed to comply with an order requiring him to pursue his suit against Twitter (Case No. 20-536) in his own name.[3] Verogna appealed the orders in Case No. 20-536, but the First Circuit dismissed the appeal for failure to comply with an order to pay a filing fee.

In this case, Verogna alleges that Judge Johnstone and Judge McAuliffe erred by allowing Attorneys Eck and Schwartz to respond on Twitter's behalf to Verogna's lawsuit, thereby depriving Verogna of various constitutional rights, such as his rights to free speech under the First Amendment, due process under the Fifth and Fourteenth Amendments, and a jury trial under the Seventh Amendment. Verogna alleges that Attorney Eck has ambitions to become a judge himself and

---

[3] Specifically, in Case No. 20-536, Judge McAuliffe directed Verogna to proceed with the case in his own name within a specified period of time. Verogna indicated that he had no intention of doing so and filed a notice of appeal. Judge McAuliffe subsequently noted that dismissal was "inevitable" for failure to comply with court orders and that the court's earlier directive was a final order.

holds various leadership positions in New Hampshire state bar associations. Verogna asserts that the matter is a conspiracy because, given Attorney Eck's ambitions, Judges McAuliffe and Johnstone, and Attorneys Eck and Swartz must have engaged in improper ex parte communications about the case. Verogna alleges that Judges McAuliffe and Johnstone were biased in favor of Twitter and Attorneys Eck and Schwartz. Verogna also disagrees with the court's decision in 20-536-SM that prohibited Verogna from pursuing his lawsuit anonymously.

Verogna, however, concedes that "PLAINTIFF could smell something wasn't right, and noticed the COURT of PLAINTIFF'S constitutional rights being violated, but was not able to identify or uncover any other evidence to further support any claims of bias or underlying unfair treatment at this time." Doc. no. 1 ¶ 142. Indeed, most of Verogna's complaint consists of conclusory declarations that the defendants acted unlawfully and conspired with one another for economic and political gain. The complaint repetitively makes legal conclusions mirroring, for example, the statutory language of 42 U.S.C. §§ 1985 and 1986.

Liberally construed, Verogna's complaint contains several putative claims, which can be generally described as the following: (1) conspiracy to unlawfully intimidate a witness or party to a case in federal court, 42 U.S.C. § 1985(2); (2) conspiracy to deprive Verogna of equal protection of the laws, 42 U.S.C. § 1985(3); (3) violations of 42 U.S.C. § 1986; (4) violations of constitutional rights (First, Fifth, Seventh, and Fourteenth Amendments) under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), or 42 U.S.C. § 1983;

5

and (5) a request for attorney fees and punitive damages.  Specifically, Verogna requests $250,000,000 in damages as well as an injunction prohibiting future constitutional violations by the defendants.  None of the defendants has answered or responded to the complaint; thus, this order is issued on the court's own motion.

## DISCUSSION

Verogna's claims in this case are premised on disagreements with legal rulings by other judges of this court.  Specifically, Verogna takes issue with findings by Judge McAuliffe or Judge Johnstone on motions by Attorney Eck or Attorney Schwartz to appear in defense of the lawsuit Verogna filed against Twitter.  Verogna also appears to take issue with various other rulings on motions filed by either himself or by Twitter in Case No. 20-536.  The court lacks subject-matter jurisdiction to hear Verogna's dispute, and, even if it did have jurisdiction, Verogna's lawsuit lacks an arguable basis under the law.

I.  <u>Recusal is unwarranted.</u>

Relying on 28 U.S.C. § 455 and the due process clauses of the Fifth and Fourteenth Amendments, Verogna contends that I must recuse myself—and all other judges in this district—from this case.  He argues that because I was the chief judge of the court while Case No. 20-536 was ongoing and because the suit names two of my colleagues on this court as defendants, my impartiality might reasonably be questioned.

6

Verogna is incorrect. I need not recuse myself because this lawsuit is patently frivolous such that no rational person could imagine any bias underlying this dismissal order. See Swan v. Barbadoro, 520 F.3d 24, 26 (1st Cir. 2008) (holding that the First Circuit judges need not recuse themselves from appeal of dismissal of lawsuit brought against District of New Hampshire judge where "the patently frivolous claims presented leave no room for any rational person to imagine that any bias could underlie an affirmance"); Barnett v. Barbadoro, No. 9-cv-281-SM, 2009 WL 2878393, at *1 (D.N.H. Sept. 2, 2009) (declining to recuse from lawsuit against judge in same district because lawsuit was "patently" and "completely" frivolous); Loudsenslager v. Laplante, No. 19-cv-865-SM, 2019 WL 4168863, at *1 n.1 (D.N.H. Sept. 3, 2019) (same).

As discussed in more detail below, the court lacks jurisdiction over the case and, in any event, the claims against Judges McAuliffe and Johnstone must be dismissed given their entitlement to judicial immunity. The reasons for finding no jurisdiction and applying judicial immunity in this case are well established by precedent, which leaves no room for any rational person to imagine any bias underlying this decision. Accordingly, Verogna's motion to recuse is denied.

II.     This suit is an improper collateral attack on rulings made in another lawsuit such that the court lacks jurisdiction to hear it.

The core factual premise of Verogna's suit is his allegation that the rulings made by Judges McAuliffe and Johnstone in Case No. 20-536 were incorrect. But

7

disagreements with rulings in a suit are matters for appeal, not collateral litigation.[4] See, e.g., Forrester v. White, 484 U.S. 219, 227 (1988) (explaining the public policy behind limiting collateral attacks on judicial decision-making in favor of establishing "appellate procedures as the standard system for correcting judicial error"); Span E. Airlines, Inc. v. Digital Equip. Corp., 486 F. Supp. 831, 833 (D. Mass. 1980) ("Such a review is the function of the Court of Appeals for the First Circuit to which defendants may appeal should they decide to do so at some time in the future."). In other words, this court lacks authority to hear an appeal of the rulings made by another federal judge. See Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) (reiterating that federal court orders are to be respected unless and until they are reversed either by the issuing court itself or a higher court); Johnson v. U.S. Judges, No. 14-11273-DPW, 2014 WL 3109962, at *2 (D. Mass. July 7, 2014) (dismissing lawsuit against federal judges for lack of jurisdiction because district courts lack jurisdiction to review decisions made by other district courts); cf. Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923) ("[N]o court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment [of a state court] for errors of that character. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original.") (citation omitted).

---

[4] "A 'collateral attack' is a tactic whereby a party seeks to circumvent an earlier ruling of one court by filing a subsequent action in another court." Pratt v. Ventas, Inc., 365 F.3d 514, 519 (6th Cir. 2004).

8

As to Case No. 20-536, only the First Circuit (and then the Supreme Court) has appellate jurisdiction. See 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."). Verogna cannot sidestep the appellate courts' exclusive jurisdiction to review Case No. 20-536 by recasting the rulings he disagrees with as part of a conspiracy between the court and opposing counsel to deprive him of his constitutional rights. See Mullis v. U.S. Bankr. Ct. for Dist. of Nev., 828 F.2d 1385, 1392-93 & n.20 (9th Cir. 1987) (rejecting attempt by plaintiff to evade collateral attack doctrine by styling the complaint "as a Bivens injunction action").

Because this court lacks authority to hear a challenge to another federal judge's rulings, the court lacks subject-matter jurisdiction to hear Verogna's claims. The suit is dismissed for that reason.

III. Judicial immunity provides Judge McAuliffe and Judge Johnstone complete immunity from this suit.

Even if the court had jurisdiction over this complaint, Verogna's complaint lacks an arguable basis under the law. To start, Judge McAuliffe and Judge Johnstone are protected by judicial immunity. Judicial immunity precludes lawsuits against federal judges for actions taken as part of their "their judicial functions" to the extent money damages are claimed, Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 108 (1st Cir. 2015), and to the extent injunctive relief is sought. Bolin v. Story, 225 F.3d 1234, 1240 (11th Cir. 2000) (judicial immunity

9

extends to claims against federal judges brought under Bivens or seeking prospective injunctive relief); Mullis, 828 F.2d at 1392-93; Newsome v. Merz, 17 Fed. Appx. 343, 345 (6th Cir. 2001); Mehdipour v. Purcell, 173 F. Supp. 2d 1165, 1167 (W.D. Okla. 2001), aff'd, 62 Fed. Appx. 203 (10th Cir. 2003), cert. denied, 540 U.S. 1056 (2003); see also Matthews v. O'Grady, 2016 WL 438972, at *3 (E.D. Va. Feb. 2, 2016); Wightman v. Jones, 809 F. Supp. 474, 476 (N.D. Tex. 1992) ("Besides creating confusion and a multiplicity of litigation, providing an extra collateral attack on a federal judge's judicial acts would create an untenable situation whereby the orders, judgments, and determinations of a federal district judge, an appellate judge, and even a Supreme Court justice would be subject to review by and injunctive relief from federal district judges. Such a rule would in effect allow both 'horizontal appeals' and even 'reverse review' of federal court decisions.").[5]

Verogna complains about rulings made by Judge McAuliffe and Judge Johnstone in their capacity as the assigned judges in Verogna's lawsuit against Twitter—actions that are indisputably "judicial" in nature. See Stump v. Sparkman, 435 U.S. 349, 362 (1978); Goldstein v. Galvin, 719 F.3d 16, 25 (1st Cir. 2013); Dominic v. Goldman, 2021 WL 2953184, at *4 (D.N.H. July 14, 2021).

---

[5] To be sure, the Supreme Court has held that judicial immunity does not extend to prospective injunctive relief sought via § 1983 as to state judges. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). But Congress abrogated Pulliam by amending § 1983, and, as explained in Bolin and Mullis, the reasons for extending judicial immunity to federal judges for claims for injunctive relief are more compelling than the reasons for state judges. Bolin, 225 F.3d at 1240; Mullis, 828 F.2d at 1392; see also Justice Network Inc. v. Craighead Cnty., 931 F.3d 753, 763 (8th Cir. 2019) (discussing amendments to § 1983 after Pulliam).

10

Verogna argues that judicial immunity should not apply because the judges' rulings were wrong. But the Supreme Court has given effect to judicial immunity in even the most egregious circumstances of judicial error. See Stump, 435 U.S. at 362 (holding that "grave procedural errors" by judge in allowing forced sterilization of young girl were insufficient to overcome judicial immunity); Mireles v. Waco, 502 U.S. 9, 11 (1991) (holding that judicial immunity is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial"). So, even if Judges McAuliffe's and Johnstone's rulings were wrong in Case No. 20-536 (and, as stated above, this court has no jurisdiction to opine on that), the result is no different here than in Stump or Mireles—the judges are absolutely immune from suit. Likewise, even if they were supported by non-conclusory factual allegations, Verogna's claims of illegal conspiracy and improper ex parte communication between the judges and opposing counsel would not overcome judicial immunity. E.g., Nystedt v. Nigro, 700 F.3d 25, 32 (1st Cir. 2012) (holding that judicial immunity barred claim against court-appointed special master notwithstanding allegations that special master engaged in improper ex parte communications); see also Dennis v. Sparks, 449 U.S. 24, 30-31 (1980); Dorman v. Higgins, 821 F.2d 133, 139 (2d Cir. 1987) ("[A]n allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity.").

11

Verogna's vague assertion, see doc. no. 1 ¶ 105, that Judges McAuliffe and Johnstone acted without jurisdiction lacks merit. Indeed, Verogna sought out the court's jurisdiction by bringing Case No. 20-536 in this court. In ruling on motions in that suit, Judges McAuliffe and Johnstone acted within the court's jurisdiction. See Stump, 435 U.S. at 356-57 (stating that judicial immunity does not apply where judge acted in the "clear absence of all jurisdiction.").

Finally, one purpose behind judicial immunity is to insulate judges "from vexatious actions prosecuted by disgruntled litigants." Forrester, 484 U.S. at 225. Given the tone and context of the complaint, Verogna is obviously a dissatisfied litigant, unhappy with the result in his prior case and others against well-known technology companies.[6] See Garner v. U.S. Dist. Ct. of S.C., 2009 WL 8762538, at *2 (D.S.C. Mar. 3, 2009) ("Plaintiff is apparently unhappy with the outcome of his federal cases/appeals and alleges that the named courts are in a criminal conspiracy to sabotage Plaintiff's cases. . . ."); Smith v. Scalia, 44 F. Supp. 3d 28, 42 (D.D.C. 2014) ("[T]he instant complaint presents the classic case of a dissatisfied litigant.

---

[6] In his complaint, Verogna references several other cases against technology companies including Google, YouTube, and Facebook. The cases referenced by Verogna include Roberson v. YouTube, No. 17-749-JD, Green v. YouTube, 18-203-PB, and DeLima v. Google, 19-978-JL. Roberson was dismissed for lack of subject-matter jurisdiction; no appeal was filed. No. 17-749, ECF doc. no. 28. Green was dismissed after the plaintiff failed to file an objection to the magistrate judge's report and recommendation, which recommended dismissal of the suit. No. 18-203-PB, ECF doc. no. 107. DeLima was dismissed for failure to state a claim upon which relief can be granted and is now pending appeal in the First Circuit. See No. 19-978, ECF doc. no. 40. It is unclear from the present complaint, which is mostly incoherent, precisely how these cases are supposed to relate to this case or Case No. 20-536.

Without question, all of the allegations in the instant complaint relate to the individual judges' actions in their roles as judges: the dismissal of Smith's prior cases, the content of the written opinions, and the justices' recusal decisions."). As such, this is exactly the type of case for which absolute judicial immunity exists. Thus, even if the court had jurisdiction to hear this case, Judges McAuliffe and Johnstone would necessarily be dismissed on the ground of absolute immunity.

IV. The complaint fails to allege facts showing that Verogna is plausibly entitled to relief.

Lastly, Verogna offers only conclusory facts to support the legal conclusions in his complaint. The court explains why each of Verogna's theories necessarily fails.

    A. Claims under § 1985(2) and (3) (conspiracy to deprive of civil rights)

The alleged facts do not support claims under § 1985(2) or (3) because they do not permit a plausible inference that Attorneys Eck or Schwartz, in conjunction with Judges McAuliffe and Johnstone, acted to deprive Verogna of civil rights with a "class-based, invidiously discriminatory animus," which is an element of a claim under both § 1985(2) and (3). See Hahn v. Sargent, 523 F.2d 461, 469 (1st Cir. 1975); see also Perez-Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 108-09 (1st Cir. 2008) (observing that economically-motivated conspiracies are insufficient for liability under § 1985(3) and holding that politically-motivated conspiracies are

13

likewise insufficient for liability under § 1985(3)); Dean v. Warren, 12 F.4th 1248, 1255 (11th Cir. 2021). There are no factual allegations from which a plausible inference of conspiracy can be made, nor are there factual allegations from which a plausible inference can be made of any defendant acting with a "class-based, invidiously discriminatory animus."

      B.    <u>Claim under § 1986 (neglect to prevent conspiratorial wrongs)</u>

Verogna's claim that the defendants violated § 1986 necessarily fails because liability under § 1986 is derivative of liability under § 1985. See Creative Env'ts, Inc. v. Estabrook, 680 F.2d 822, 834-35 (1st Cir. 1982); Jews for Jesus, Inc. v. Jewish Cmty. Relations Council of N.Y., Inc., 968 F.2d 286, 292 (2d Cir. 1992). In other words, "there can be no violation of § 1986 without a violation of § 1985." Jews for Jesus, Inc., 968 F.2d at 929. Since Verogna's claims under § 1985(2) and (3) fail, his claim under § 1986 fails as well.

      C.    <u>Claims under Bivens or § 1983</u>

As to any claims for constitutional violations under <u>Bivens</u> or § 1983, none of the facts alleged indicates that either Attorney Eck or Attorney Schwartz is a state or federal actor. Accordingly, neither <u>Bivens</u> nor § 1983 apply to them. See, e.g., Soto-Torres v. Fraticelli, 654 F.3d 153, 157-58 (1st Cir. 2011). While non-state or federal actors may in some cases be liable for constitutional violations if they conspire with a state or federal actor, see, e.g., Gerena v. P.R. Legal Services, Inc.,

14

697 F.2d 447, 449-452 (1st Cir. 1983), Verogna's conclusion that Attorney Eck must be involved in some conduct to violate his constitutional rights in conspiracy with Judge McAuliffe or Judge Johnstone because of his membership in state bar organizations is not reasonable. All that is alleged is that Attorneys Eck and Swartz appeared in Case No. 20-536 as Twitter's retained counsel and defended the company against Verogna's lawsuit. It is not a violation of a plaintiff's constitutional rights merely for a defendant's lawyers to show up in court and defend against a plaintiff's accusations.

 As to Judges McAuliffe and Johnstone, Verogna alleges that they violated his constitutional rights and are liable under <u>Bivens</u> because they allowed Attorneys Eck and Schwartz to appear on Twitter's behalf and defend against Verogna's accusations. Even if the judges' procedural rulings were incorrect (and, as noted, whether they were or were not is a matter beyond this court's jurisdiction), Verogna's leap from incorrect rulings on routine procedural issues to conspiracy between court and counsel to deprive Verogna of his constitutional rights is unreasonable. See <u>Caldwell v. Obama</u>, 6 F. Supp. 3d 31, 47-48 (D.D.C. 2013) (stating that general accusations of corruption, prejudice, and "back-scratching" amounted "merely to disagreement with the official actions taken by government officials with regard[] to the plaintiff's prior legal proceedings" and do not state claims for violations of any constitutional rights). As discussed above, disagreements with rulings in other cases are matters to be raised on appeal in the pertinent cases; they are not matters for a separate lawsuit nor matters on which a

legal claim for damages against Attorneys Schwartz or Eck or the issuing judges can stand.

V. <u>Amendment would be futile.</u>

Given that Verogna's claims in this case are premised on disagreements with legal rulings in other court cases and do not allege plausible constitutional violations, there is no possible cure to the ills of plaintiff's complaint, jurisdictional or otherwise. Fairly read, the suit is no more than an attempt to revisit rulings made in Case No. 20-536. There is no indication that Verogna left any relevant facts out of the 107-page complaint, and Verogna acknowledges in the complaint that he has no facts to support his theory that the judges and counsel in his case against Twitter conspired with each other to deprive him of constitutional rights. Considering all of the above, there is no point in prolonging the inevitable by providing Verogna with an opportunity to amend. The court lacks jurisdiction to hear the lawsuit and even if it did not have jurisdiction, the lawsuit is frivolous and it is obvious from the complaint that Verogna cannot prevail under any circumstances.

**CONCLUSION**

The complaint (doc. no. 1) is dismissed without leave to amend. Verogna's motion for leave to file an oversized memorandum (doc. no. 8) as to the motion to recuse is granted. Verogna's motion to recuse (doc. no. 9) is denied. Verogna's

"Motion for Leave to File Motion for Alternative Service of Summons" (doc. no. 11) is denied as moot. The Clerk of Court is directed to close the case.

    SO ORDERED.

                                            _____
                                            Landya McCafferty
                                            United States District Judge

January 27, 2022

cc:  Sensa Verogna, pro se
      Counsel of Record